[No. 2772.]

D. H. GREER *v.* THE STATE.

ORGANIZATION OF THE JURY—PRACTICE—CASE STATED.—After a full jury was impaneled and accepted by both parties, the district attorney announced that, in testing the qualifications of its members, he had neglected to ask if any were biased or prejudiced in the case, and over objection he was then permitted to propound that question to the jury, whereupon four of its members disqualified themselves. They were excused by the court upon the State's motion and over the defendant's objection, but subsequently the State's attorney withdrew his challenge and the four jurors excused were re-impaneled, and the jury was again accepted by the parties. Thereupon the court stood the said four jurors aside upon its own motion. *Held,* that this action of the court was without authority and was erroneous. Only such jurors as are mentioned in subdivisions 3, 4 and 5 of Article 636 of the Code of Criminal Procedure are *ipso facto* incompetent. All other grounds of challenge may be waived by the parties to a trial, and the court cannot deprive them of this right of waiver.

APPEAL from the District Court of Waller. Tried below before the Hon. W. H. Burkhart.

The indictment charged the theft of two cows, the property of Charles Schrimp, in Waller county, Texas, on the eleventh day of May, 1882. The penalty imposed by a verdict of guilty was a term of two years in the penitentiary. The motion for a new trial was overruled and this appeal prosecuted.

The record brings up no statement of facts.

*T. S. Reese,* for the appellant.

*J. H. Burts,* Assistant Attorney General, and *R. E. Hannay,* District Attorney Eighteenth Judicial District, for the State.

White, Presiding Judge. Both parties, the district attorney, for the State, and defendant in person and by attorney, had passed upon and accepted twelve jurymen, who were in the box when the district attorney told the court that he had neglected to ask the question, in testing their qualifications, whether any of the jurors "were biased or prejudiced in favor of or against defendant?" Over objection of defendant, the court permitted the question to be asked, and in reply four of the accepted jurors answered that they were biased and prejudiced, and upon request of the district attorney the court stood them aside, when, upon objection to this proceeding having been also made by defendant, the district attorney withdrew his request, and the jurors were again placed in the panel, both parties again accepting them. At this juncture the court, of its own motion, interfered, "and upon its own responsibility" (as stated in the bill of exceptions) stood these four jurors again aside, and had their places supplied by others, who were sworn, and sat upon and tried the case with the other remaining eight jurors.

Challenges for cause to a juror are the same in all felony cases as in capital cases. (Code Crim. Proc., Art. 648.) "A challenge for cause is an objection made to a particular juror, alleging some fact which renders him incapable or unfit to serve on the jury," and amongst the grounds of causes for challenge enumerated is "that he has a bias or prejudice in favor of or against the defendant." (Code Crim. Proc., Art. 636, subdivision 12.)

Had the right of challenge to these jurors been insisted upon for this cause, either by the State or defendant, it would have been error in the court, under the circumstances stated, to have overruled the challenge. But the challenge, after being made, was withdrawn; the jurors were placed back upon the panel,

and, with a knowledge of this ground of disqualification, were again accepted by both parties. Had the parties the right to waive the disqualification, and by such waiver make the jurors competent to sit upon and try the case?

A juror who is subject to challenge for any of the causes mentioned in the statute is not *ipso facto* absolutely incompetent as a juror, except in the cases mentioned in the third, fourth and fifth subdivisions of Article 636, which are: "Third. That he has been convicted of theft or of any felony. Fourth. That he is under indictment or other legal accusation for theft or for any felony. Fifth. That he is insane or has such defect in the organs of seeing, feeling or hearing, or such bodily or mental defect or disease, as renders him unfit for jury service." With regard to such disabilities the statute is peremptory that "no juror shall be impaneled when it appears that he is subject either to the third, fourth or fifth cause of challenge in Article 636, although both parties may consent." (Code Crim. Proc., Art. 639.) As to disqualification for any of the other causes, no such inhibition exists in the law; and as to such other causes, a defendant may waive them, and thereby make the juror competent, notwithstanding the existence of such cause, under the general authority conferred to the effect that "the defendant to a criminal prosecution for any offense may waive any right secured to him by law except the right of trial by jury in a felony case." (Code Crim. Proc., Art. 23.)

If the parties can waive the cause and thereby rehabilitate the juror, then the court cannot of its own motion deprive them of this right. (*People* v. *Mather*, 4 Wend., 231.) To all intents, and for all purposes, the juror is as good as one would be against whom no cause of challenge had ever existed, and certainly one of the latter character would not legally be made to stand aside by the court on its own motion, if acceptable to the parties. "That defendant has not exhausted his peremptory challenges does not excuse judicial infringement of the jury law." (*Wade* v. *The State*, 12 Texas Ct. App., 358.)

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered May 9, 1883.